LOCKE LORD LLP
Regina J. McClendon (SBN: 184669)
rmcclendon@lockelord.com
Lindsey Kress (SBN: 278213)
lkress@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: 415-318-8810
Facsimile: 415-6765816

Attorneys for Defendants
CITIMORTGAGE, INC.;U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE
ON BEHALF OF THE HOLDERS OF THE CITIGROUP MORTGAGE LOAN TRUST 2006-
AR1, MORTGAGE-BACKED NOTES, SERIES 2006-AR1; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLEN HERFURTH and DOUGLAS HERFURTH, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIMORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE ON BEHALF OF THE HOLDERS OF THE CITIGROUP MORTGAGE LOAN TRUST 2006-AR1, MORTGAGE-BACKED NOTES, SERIES 2006-AR1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CR TITLE SERVICES, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 2:14-cv-01037-JAM-CKD <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Date:   June 18, 2014 <br> Time:   9:30 a.m. <br> Place:   Courtroom 6 <br><br><br><br><br> Complaint Filed:  February 11, 2014 |

Attorneys for Defendants (margin)
Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that on June 18, 2014, at 9:30 a.m., or as soon thereafter as the

3    matter may be heard in the above-entitled Court, defendants CitiMortgage, Inc. ("CitiMortgage"),

4    U.S. Bank National Association, as indenture trustee on behalf of the holders of the Citigroup

5    Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1 ("U.S. Bank"), and

6    Mortgage Electronic Registration Systems, Inc. ("MERS"), (collectively, "Defendants"), through

7    their undersigned counsel, will bring for hearing, in Courtroom 6 of the United States Courthouse

8    located at 501 I Street, Sacramento, California, their Motion to Dismiss the Complaint filed by

9    plaintiffs Gaylen Herfurth and Douglas Herfurth ("Plaintiffs").

10        Defendants seek dismissal of the Complaint and each of its causes of action pursuant to

11    Federal Rule of Civil Procedure 12(b)(6) on the ground that each cause of action fails to state a claim

12    upon which relief can be granted.

13        This Motion is based on this Notice of Motion and Motion, the below Memorandum of

14    Points and Authorities, Defendants' Request for Judicial Notice, the pleadings, papers and records

15    on file in this action, and such oral argument as may be presented at the time of the hearing.

16    Dated:  May 2, 2014                          Respectfully submitted,

17                                                 LOCKE LORD LLP

18

19                                                 By: _/s/ Regina J. McClendon_
20                                                 Regina J. McClendon
                                                   Lindsey E. Kress

21                                                 Attorneys for Defendants CITIMORTGAGE,
22                                                 INC.; U.S. BANK NATIONAL
                                                   ASSOCIATION, AS INDENTURE TRUSTEE
23                                                 ON BEHALF OF THE HOLDERS OF THE
                                                   CITIGROUP MORTGAGE LOAN TRUST
24                                                 2006-AR1, MORTGAGE-BACKED NOTES,
                                                   SERIES AR1; and MORTGAGE
25                                                 ELECTRONIC REGISTRATION SYSTEMS,
26                                                 INC.

27

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

**TABLE OF CONTENTS**

I.      INTRODUCTION .......................................................................................................1

II.     STATEMENT OF FACTS ........................................................................................1

III.    LEGAL ARGUMENT ..............................................................................................3

    A.    Plaintiffs Are Judicially Estopped From Asserting Any Of Their
        Claims Against Defendants .............................................................................3

    B.    Plaintiffs Lack Standing To Bring Their Claims Against Defendants .....5

    C.    Plaintiffs' Claims Fail for Additional Reasons ...........................................6

        1.    Plaintiffs' Securitization-Based Claims Must Fail Because
            They Are Time-Barred ......................................................................6

        2.    Plaintiffs' First Cause Of Action Fails To State A Claim ...........6

        3.    Plaintiffs' Second Cause Of Action Fails To State A Claim ....12

        4.    Plaintiffs' Third Cause of Action Fails To State A Claim .........13

IV.     CONCLUSION .......................................................................................................16

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Almutarreb v. Bank of New York Trust Co., N.A.*,
No. 12-3061, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012) ....................................8

*Alperin v. Vatican Bank*,
410 F.3d 532 (9th Cir. 2005) ........................................................................1

*Altman v. PNC Mortg.*,
850 F.Supp.2d 1057 (E.D. Cal., 2012)........................................................14

*AmerUS Life Ins. Co. v. Bank of America, N.A.*,
143 Cal. App. 4th 631 (2006) ......................................................................12

*Aniel v. GMAC Mortg., LLC*,
No. 12-04201, 2012 WL 5389706 (N.D. Cal. Nov. 2, 2012) ........................8

*Arizona Elec. Power Co-op., Inc. v. Berkeley*,
59 F.3d 988 (9th Cir. 1995) ..........................................................................9

*Armstrong v. Chevy Chase Bank, FSB*,
No. 11-05664, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ........................8

*Arnolds Management Corp. v. Eischen*,
158 Cal.App.3d 575 (1984) ..........................................................................11

*Bank of America Nat. Ass'n v. Bassman FBT, L.L.C.*,
981 N.E.2d 1 (Ill. App. Ct. 2012) ................................................................9

*Bank of New York v. Freemont General Corp*,
523, F.3d 902, 914 (9th Cir. 2008) ..............................................................12

*Bascos v. Federal Home Loan Mortg. Corp*,
No. 11-3968, 2011 WL 3157063 (C.D. Cal. July 22, 2011).........................8

*Bernardo v. Planned Parenthood Fed. of America*,
115 Cal. App. 4th 322 (2004) ......................................................................13

*Bleavins v. Demarest*,
196 Cal.App.4th 1533 (2011) .................................................................7, 8, 9

*Calvo v. HSBC Bank USA, N.A.*,
199 Cal.App.4th 118 (2011) ........................................................................10

*Carr v. Beverly Health Care & Rehab. Servs., Inc.*,
No. C-12-2980 EMC, 2013 WL 5946364 (N.D. Cal. Nov. 5, 2013)....................3, 4

ii

*Chabner v. United of Omaha Life Ins. Co.*,
  225 F.3d 1042 (2000) ................................................................................................15

*Cho v. Citibank, N.A.*,
  No. 12-1410, 2012 WL 3076537 (S.D. Cal. July 30, 2012) .....................................10

*Christie v. Morgan Stanley Mortg. Capital Holdings, LLC*,
  No. 12-01584, 2012 WL 5363368 (C.D. Cal. Oct. 30, 2012)......................................8

*In re Coastal Plains, Inc.*,
  179 F.3d 197 (5th Cir. 1999) ......................................................................................3

*Cusano v. Klein*,
  264 F.3d 936 (9th Cir. 2001) ......................................................................................3

*Daro v. Superior Court*,
  151 Cal. App. 4th 1079 (2007) .................................................................................15

*Debrunner v. Deutsche Bank Nat. Trust Co.*,
  204 Cal.App.4th 433 (2012) ......................................................................................10

*Deerinck v. Heritage Plaza Mortg. Inc.*,
  No. 11-01735, 2012 WL 1085520 (E.D. Cal. Mar. 30, 2012)......................................8

*DeLeon v. Wells Fargo Bank, N.A.*,
  2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ..........................................................14, 15

*Dennis v. Wachovia Bank, FSB*,
  No. 10-01596, 2011 WL 181373 (N.D. Cal. Jan. 19, 2011)........................................6

*Dick v. American Home Mortg. Servicing, Inc.*,
  No. 13-00201, 2013 WL 5299180 (E.D. Cal. Sept. 18, 2013) ..................................10

*Dinh v. Citibank, N.A.*,
  No. 12-1502, 2013 WL 80150 (C.D. Cal. Jan. 7, 2013) ............................................8

*Donaldson v. Bernstein*,
  104 F.3d 547 (3rd Cir. 1997) ......................................................................................4

*Farrington v. A. Teichert & Son, Inc.*,
  59 Cal. App. 2d 468 (1943) ......................................................................................12

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (2011) ......................................................................................10

*Gantman v. United Pac. Ins. Co.*,
  232 Cal.App.3d 1560 (1991) ....................................................................................7, 9

*Gilbert v. Chase Home Finance, LLC*,
  No. 13-265, 2013 WL 2318890 (E.D. Cal. May 28, 2013) ..........................................8

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

iii

*Glaski v. Bank of America, National Association,*
    218 Cal.App.4th 1079 (2013) ...................................................................................8, 9

*Glenn K. Jackson Inc. v. Roe,*
    273 F.3d 1192 (2001)...................................................................................................15

*Gomes v. Countrywide Home Loans, Inc.,*
    192 Cal.App.4th 1149 (2011) ........................................................................................6

*Hamilton v. State Farm Fire & Cas. Co.,*
    270 F.3d 778 (9th Cir. 2001) .....................................................................................3, 4

*Harris v. St. Louis University,*
    114 B.R. 647 (M.D. Mo. 1990)......................................................................................5

*Hay v. First Interstate Bank of Kalispell,*
    978 F.2d 555 (9th Cir. 1992) .....................................................................................3, 6

*Helmer v. Bank of America, N.A.,*
    No. 12-00733, 2013 WL 4546285 (E.D. Cal. Aug. 27, 2013)......................................11

*Herrera v. Federal Nat. Mortg. Assn.,*
    205 Cal.App.4th 1495 (2012) ................................................................................10, 11

*Hosseini v. Wells Fargo Bank, N.A.,*
    No. 13-02066, 2013 WL 4279632 (N.D. Cal. Aug. 9, 2013) .........................................8

*Ismail v. Wells Fargo Bank, N.A.,*
    No. 12-01653, 2013 WL 930611 (E.D. Cal. Mar. 8, 2013) ..........................................11

*Jenkins v. JP Morgan Chase Bank, N.A.,*
    216 Cal.App.4th 497 (2013) ...........................................................................6, 7, 8, 9

*Junger v. Bank of Am.,*
    No. 11-10419, 2012 WL 603262 (C.D. Cal. Feb. 24, 2012) ..........................................8

*Khoury v. Maly's of Cal., Inc.,*
    14 Cal. App. 4th 612 (1993) ...................................................................................13, 14

*In re Kottmeier,*
    240 B.R. 440 (Bankr. M.D. Fla. 2002) ......................................................................3, 5

*Koufos v. U.S. Bank, N.A.,*
    --- F.Supp.2d ---, 2013 WL 1189502 (D. Mass. Mar. 21, 2013) ...................................9

*Kourtis v. Cameron,*
    419 F.3d 989 (9th Cir. 2005) .........................................................................................2

*Krantz v. BT Visual Images, LLC,*
    89 Cal. App. 4th 164 (2001) ...................................................................................13, 15

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

iv

*Lane v. Vitek Real Estate Industries Group*,
    713 F. Supp. 2d 1092 (E.D. Cal. 2010)..........................................................10

*Lomely v. JP Mortgage Chase Bank, N.A.*,
    No. 12-01194, 2012 WL 4123403 (N.D. Cal. Sept. 17, 2012)..............................10

*Lyshorn v. J.P.Morgan Chase Bank*,
    No. 12-05490, 2013 WL 792632 (N.D. Cal. Mar. 4, 2013) .....................................8

*Marty v. Wells Fargo Bank*,
    No. 10-0555, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ...............................10

*Messerall v. Fulwider*,
    199 Cal. App. 3d 1324 (1988) ......................................................................11

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ..........................................................................2

*Murphy v. Allstate Ins. Co.*,
    17 Cal.3d 937 (1976) ..........................................................................7, 8, 9

*Newman v. Bank of New York Mellon*,
    No. 12-1629, 2013 WL 1499490 (E.D. Cal. Apr. 10, 2013) ................................8

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) ..........................................................................11

*Ortiz v. America's Servicing Co.*,
    No. 12-191, 2012 WL 2160953 (C.D. Cal. June 11, 2012) ...............................11

*Pantoja v. Countrywide Home Loans, Inc.*,
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) .........................................................13

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) ............................................................................1

*Perez v. Wells Fargo Bank, N.A.*,
    2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) ...............................................14

*Reinagel v. Deutsche Bank Nat. Trust Co.*,
    722 F.3d 700 (5th Cir. 2013) ............................................................................9

*Sabherwal v. Bank of N.Y. Mellon*,
    No. 11-2874, 2013 WL 101407 (S.D. Cal. Jan. 7, 2013) ....................................9

*Sami v. Wells Fargo Bank*,
    No. 12-00108, 2012 WL 967051 (N.D. Cal. Mar. 21, 2012) ...........................8, 10

*Schauer v. Mandarin Gems of Cal., Inc.*,
    125 Cal.App.4th 949 (2005) ............................................................................7

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

v

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Scripps Clinic v. Superior Court*,
  108 Cal.App.4th 917 (2003) ......................................................................14

*Sepehry-Fard v. Aurora Bank, FSB*,
  No. 12-00871, 2012 WL 4392445 (N.D. Cal. Sept. 25, 2012) ...................10

*Sierra Switchboard Co. v. Westinghouse Electric Corp.*,
  789 F.2d 705 (9th Cir. 1986) .......................................................................5

*Sigaran v. U.S. Bank Nat. Ass'n*,
  No. 12-3588, 2013 WL 2368336 (S.D. Tex. May 29, 2013) .........................9

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
  219 Cal.App.4th 75, 161 Cal.Rptr.3d 500 (2013)..............................7, 10

*Simila v. American Sterling Bank*,
  2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) .............................................14

*Soberanis v. Mortgage Electronic Registration Systems, Inc.*,
  No. 13-1296, 2013 WL 4046458 (S.D. Cal. Aug. 8, 2013) ..........................9

*Stebley v. Litton Loan Servicing, LLP*,
  202 Cal.App.4th 522 (2011) .......................................................................11

*Strasberg v. Odyssey Group, Inc.*,
  51 Cal. App. 4th 906 (1996) .......................................................................12

*Tunkl v. Regents of University of Cal.*,
  60 Cal.2d 92 (1963) .....................................................................................9

*Turner v. Cook*,
  362 F.3d 1219 (9th Cir. 2004) .....................................................................5

*In re VerifoneSecs. Litig.*,
  11 F.3d 865 (9th Cir. 1993) .........................................................................1

*Vertkin v. Wells Fargo Home Mortgage*,
  2010 WL 3619798 (N.D. Cal. 2010) ...................................................3, 4, 5

*Vogan v. Wells Fargo Bank, N.A.*,
  No. 11-02098, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011).......................8

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) .......................................................................1

**STATUTES**

11 U.S.C. §521(1) ...........................................................................................5

11 U.S.C. §541(a)(1).........................................................................................5

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

11 U.S.C. § 554 ................................................................................................................5

Bus. & Prof. Code § 17204 ...................................................................................13, 14

Bus. & Prof. Code § 17208 ...............................................................................................6

Code Civ. Proc. §§ 337 .....................................................................................................6

Code Civ. Proc. §338 ...................................................................................................12, 13

**OTHER AUTHORITIES**

7 Cal. Jur. 3d Assignments § 43 (2012) .........................................................................8

Judicial Council of Cal. Civil Jury Instructions No. 2100 .............................................12

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants CitiMortgage, Inc. ("CitiMortgage"), U.S. Bank National Association, as indenture trustee on behalf of the holders of the Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1 ("U.S. Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), (collectively, "Defendants") move to dismiss plaintiffs Gaylen Herfurth and Douglas Herfurth's ("Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Plaintiffs have filed this meritless Complaint as a belated attempt to assert various unfounded claims against Defendants relating to the 2010 foreclosure of their former real property located in Grass Valley, California.  Nearly *four years* after the subject property was foreclosed on due to Plaintiffs' failure to pay the associated mortgage payments, Plaintiffs now seek to challenge Defendants' rights to collect on and enforce the promissory note and deed of trust.  In an effort to do so, Plaintiffs rely on baseless legal theories that are routinely rejected by California courts regarding the alleged securitization of the underlying mortgage loan.  Further, many of Plaintiffs claims are based on events that allegedly occurred between 2005 and 2009 and are therefore time-barred.

As discussed at length below, each of Plaintiffs' claims must fail as a matter of law. Defendants respectfully request that this Court grant their motion to dismiss Plaintiffs' Complaint in its entirety without leave to amend.

## II.   STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig*., 11 F.3d 865, 868 (9th Cir. 1993).  In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

618, 624 (9th Cir. 1981).  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiffs' allegations, Defendants set forth the facts pertinent to this motion.

Plaintiffs obtained a loan from American Home Mortgage Acceptance, Inc. ("AHMA") in the amount of $525,000 on November 9, 2005. (Compl., ¶ 16.)  This loan was secured by a deed of trust ("Deed of Trust") recorded against the real property located at 12449 Larkspur Lane, Grass Valley, California (the "Property").  (Compl., ¶¶ 11, 16, Request for Judicial Notice ["RJN"], Exh. A).  The Deed of Trust provided that the lender was AHMA, the trustee was First American Title Insurance Company, and the beneficiary was MERS.  (RJN, Exh. A).  An assignment of deed of trust from MERS to CitiMortgage was recorded against the Property on January 14, 2009.  (Compl., Exh. 2).  In addition, a substitution of trustee was recorded on January 14, 2009, reflecting CR Title, Services, Inc. ("CR Title") as the new trustee for the Deed of Trust.  (RJN, Exh. B).

Plaintiffs' Complaint also asserts that the loan was, at some unknown time, securitized into a trust entitled Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1 (the "Trust"), which was allegedly assigned to U.S. Bank as Indenture Trustee.  (Compl., ¶¶ 28-32).  Defendants dispute Plaintiffs' statements concerning the subject loan being placed into the Trust and/or assigned to U.S. Bank, but for the sole purpose of this motion to dismiss, Defendants will, as they must, treat those allegations as truthful.

Plaintiffs contend that they sought assistance from CitiMortgage beginning in July of 2008 after they were facing difficulty in paying the loan as agreed.  (Compl., ¶ 17).  Plaintiffs subsequently defaulted on their loan payments and a notice of default ("NOD") was recorded on January 14, 2009, reflecting a delinquent balance of $17,087.50.  (Compl., ¶ 20).  As Plaintiffs were unable to cure their default, the Property was ultimately sold at a non-judicial foreclosure sale in February of 2010.  (Compl., ¶ 26).

## III.    LEGAL ARGUMENT

### A.    Plaintiffs Are Judicially Estopped From Asserting Any Of Their Claims Against Defendants

When a debtor files for bankruptcy protection, an estate is created, which is comprised of all the debtor's property interests at the time of filing. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *In re Kottmeier*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002).  A bankruptcy estate "includes post-petition property interests." *Kottmeier*, 240 B.R. at 442.  Post-petition interests include civil claims which accrued while the bankruptcy is pending.  *Id.*; *Cusano*, 264 F.3d at 945 (assets of a bankruptcy estate include the debtor's causes of action).

A Plaintiff is "estopped from making claims which [he/she] omitted from [his/her] bankruptcy schedule." *Vertkin v. Wells Fargo Home Mortgage*, 2010 WL 3619798, *3 (N.D. Cal. 2010).  "Judicial estoppel is an equitable doctrine which 'precludes a party from gaining an advantage by taking one position, and then later seeking an advantage by taking a clearly inconsistent position.'" *Id.* (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783.  "The rationale for…[these decisions] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (emphasis in original).  "[J]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his [or her] schedules or disclosure statements to identify the cause of action as a contingent asset." *Carr v. Beverly Health Care & Rehab. Servs., Inc.,* No. C-12-2980 EMC, 2013 WL 5946364, at *5 (N.D. Cal. Nov. 5, 2013).  It is not even necessary that a plaintiff know "all" facts giving rise to a particular claim. *See Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that all facts were not known to [Plaintiff] at that time,

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   but enough was known to require notification of the existence of the asset to the bankruptcy court.")

2   (emphasis in original).  And it is also not necessary that the plaintiff understand that the facts "give

3   rise to a cause of action."  *Carr*, 2013 WL 5946364, at *5.

4          The discharge of a debt by the bankruptcy court, even if that discharge is later vacated, is

5   sufficient "judicial acceptance" of the debtor's assertions to provide a basis for judicial estoppel.

6   *Hamilton*, 270 F.3d at 784.  Likewise, "the bankruptcy court may 'accept' the debtor's assertions by

7   relying on the debtor's nondisclosure of potential claims in many other ways," including by

8   approving a debtor's plan of reorganization.  *Id.*, *citing Donaldson v. Bernstein*, 104 F.3d 547, 555-

9   56 (3rd Cir. 1997).

10         Here, Plaintiffs' claims are premised on alleged acts that occurred between November 9,

11   2005 and January 14, 2009 with respect to the securitization of the subject Note and Deed of Trust.

12   (Compl., ¶¶ 27-31, 50).  Specifically, Plaintiffs allege that Defendants did not have the legal right to

13   foreclose on the Property based on the events that supposedly took place between November 9, 2005

14   and January 14, 2009.  (Compl., ¶ 53).  Plaintiffs' Complaint admits that a NOD was filed on

15   January 14, 2009 (Compl., ¶ 20), with the Property ultimately being sold at a non-judicial

16   foreclosure sale in February of 2010 (Comp., ¶ 26).  However, Plaintiffs filed a voluntary petition for

17   Chapter 7 bankruptcy on May 1, 2009.  (RJN, Exh. C).  Notably, Plaintiffs' bankruptcy petition

18   indicates the Property was in foreclosure as of the date of filing.  (RJN, Exh. C, Pg. 10).  However,

19   despite having "knowledge of enough facts to know that" they had "potential" claims with respect to

20   the securitization that purportedly occurred between November 9, 2005 and January 14, 2009,

21   Plaintiffs filed their initial bankruptcy schedules four months after this time period and did not

22   disclose a single claim against Defendants.  (RJN, Exh. C at p. 12).  The Bankruptcy Court

23   discharged Plaintiffs' debts based on these schedules and the representations made by Plaintiffs in

24   them.  (RJN, Ex. D).  Further, Plaintiffs have never amended their bankruptcy schedules to include

25   any such claims against Defendants.  (RJN, Exh. E).  Accordingly, Plaintiffs are judicially estopped

26   from asserting their claims in this case.  *See Vertkin*, 2010 WL 3619798, at *3 (stating that a debtor

27   has an obligation to amend his/her schedules or disclosure statements to identify a cause of action as

28

a contingent asset).  As such, this Court should grant Defendants' motion to dismiss each of Plaintiffs' claims as a matter of law.

### B.    Plaintiffs Lack Standing To Bring Their Claims Against Defendants

As stated above, Plaintiffs filed a voluntary petition for Chapter 7 bankruptcy on May 1, 2009.  (RJN, Exh. C).  Accordingly, Plaintiffs do not have standing to bring their claims against Defendants in this action because they failed to schedule these claims in their Chapter 7 bankruptcy proceeding and because the bankruptcy trustee did not abandon them.  Specifically, once an individual declares bankruptcy, any legal or equitable interest he/she had in a particular property, including a contingent asset such as a claim in a lawsuit, belongs to the bankruptcy estate, as represented by the bankruptcy trustee.  *Vertkin,* 2010 WL 3619798, *2, citing *Turner v. Cook,* 362 F.3d 1219, 1225-26 (9th Cir. 2004).  Absent abandonment of an asset[1], the trustee remains the sole representative of the estate and the only person with the authority to pursue causes of action.  *Harris v. St. Louis University*, 114 B.R. 647, 648 (M.D. Mo. 1990); *Vertkin*, 2010 WL 3619798, *2.

The Bankruptcy Code provides three means for a Chapter 7 trustee to abandon property of the bankruptcy estate. First, the trustee may formally abandon the property after noticed motion. 11 U.S.C. § 554(a).  That did not occur here.  (RJN, Exh. E).  Second, the trustee may, under some circumstances, be ordered by the Bankruptcy Court to abandon the property. 11 U.S.C. § 554(b). That did not occur here either.  (RJN, Exh. E).  Third, the trustee may abandon the property by operation of law, provided that it has been "scheduled" and "not otherwise administered at the time of the closing of the case." 11 U.S.C. § 554(c). Again, this did not happen either.  (RJN, Exh. E).

---

[1] In a Chapter 7 bankruptcy, the debtor must file a list of assets and liabilities pursuant to 11 U.S.C. §521(1). The property interests which must be included are broad and include causes of action the debtor has at the time he files the petition.  *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir. 1986).  These interests include pre-petition and post-petition causes of action that have arisen between the filing of the petition and discharge.  *Kottmeier*, 240 B.R.at 442.  Those assets–and causes of action scheduled under 11 USC. §521(1)–become the property of the bankruptcy estate.  11 U.S.C. §541(a)(1) ("The commencement of a cause under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held: (1) Except as provided in subsections b and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case").

5

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    Therefore, there is no abandonment, and the trustee still has control over these claims.  Plaintiffs

2    lack standing to pursue their claims against Defendants as a result.

3        **C.    Plaintiffs' Claims Fail for Additional Reasons**

4            **1.    Plaintiffs' Securitization-Based Claims Must Fail Because They Are**

5                **Time-Barred**

6            All claims which are premised upon any acts or omissions that occurred during the alleged

7    securitization of Plaintiffs' loan from November 9, 2005 to January 14, 2009 are barred by the

8    relevant statute of limitations.  This includes the first, second, and third causes of action.

9    Specifically, Plaintiffs did not file their Complaint until February 11, 2014 – over five years after the

10   alleged acts occurred.  All of Plaintiffs' securitization-based claims are barred as a result.  *See* Bus.

11   & Prof. Code §§ 17208 (four-year limitations period for actions brought under § 17200); Code Civ.

12   Proc. §§ 337 (four-year limitations period of claim based on breach of written contract), 338(d)

13   (three-year limitations period for fraud-based claims), 343 (four-year catch-all limitations period).

14           **2.    Plaintiffs' First Cause Of Action Fails To State A Claim**

15           Plaintiffs' wrongful foreclosure claim is defective a matter of law.  For the following reasons,

16   it should be dismissed as to Defendants with prejudice:

17           ***First***, to the extent Plaintiffs' wrongful foreclosure claim seeks to require Defendants to

18   prove up their standing to foreclose on the Property (*see* Compl. ¶¶ 50-55), under California law, a

19   party is not required to "produce the promissory note or otherwise prove it holds the note" to non-

20   judicially foreclose.  *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 512 (2013)

21   (citation omitted).  Nor is it required to prove up a chain of ownership.  *Dennis v. Wachovia Bank,*

22   *FSB*, No. 10-01596, 2011 WL 181373, *7-8 (N.D. Cal. Jan. 19, 2011).  That is because requiring a

23   party commencing non-judicial foreclosure to do so "would fundamentally undermine the

24   nonjudicial nature of the process …"  *Gomes v. Countrywide Home Loans, Inc*., 192 Cal.App.4th

25   1149, 1155 (2011).  On this basis, "California courts have refused to delay the non-judicial

26   foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the

27   right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

pursue foreclosure." *Jenkins*, 216 Cal.App.4th at 511; *accord Siliga v. Mortgage Electronic Registration Systems, Inc*., 219 Cal.App.4th 75, 161 Cal.Rptr.3d 500, 506-07 (2013).  If such a claim cannot be used to delay or prevent a pending foreclosure claim, surely such a claim cannot be asserted to challenge a long-completed foreclosure sale.

  ***Second***, to the extent that Plaintiffs attempt to attack the validity of the assignment of the Deed of Trust (*see* Compl. ¶¶ 27-35, 50-56), Plaintiffs lack standing to do so.  Under California law, "'[s]omeone who is not a party to [a] contract has no standing to enforce the contract ....'" *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991) (citation omitted).  Similarly, "'[s]omeone who is not a party to [a] contract has no standing to [challenge the performance of] the contract . . . .'" *Bleavins v. Demarest*, 196 Cal.App.4th 1533, 1542 (2011) (citations omitted, alterations in the original).  There is an exception for actions brought by a third party beneficiary, but to sue under that theory, the contracting parties' intent to benefit the plaintiff must appear in the terms of the agreement.  *See Schauer v. Mandarin Gems of Cal., Inc*., 125 Cal.App.4th 949, 957-58 (2005).  In all, it has long been California law that "[a] third party should not be permitted to enforce covenants made not for his benefit . . . .  As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." *Murphy v. Allstate Ins. Co*., 17 Cal.3d 937, 944 (1976) (internal citations omitted).

  Here, Plaintiffs have not alleged facts showing that they are a party to or third party beneficiary of any (1) assignment of the deed of trust or (2) any alleged pooling and servicing agreement ("PSA").  Thus, Plaintiffs lack standing to challenge those contracts.  *See Jenkins*, 216 Cal.App.4th at 514-15 ("[E]ven if the asserted improper securitization (or any other invalid assignments or transfers of the promissory note subsequent to her execution of the note . . . ) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. . . . ***As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements***, including the investment trust's pooling and servicing agreement . . . .") (emphasis added, internal citations omitted).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

Notably, *Jenkins* sided with the vast weight of authority on the subject.[2]  In fact, California district

courts repeatedly have dismissed claims ***exactly*** like Plaintiffs seek to bring here.  *See* Compl. ¶¶ 48-

61; *Almutarreb v. Bank of New York Trust Co., N.A.,* No. 12-3061, 2012 WL 4371410, *2 (N.D. Cal.

Sept. 24, 2012) (because plaintiffs were not parties or third party beneficiaries to the PSA, they "lack

standing to challenge the validity of the securitization process, including whether the loan transfer

occurred outside the temporal bounds prescribed by the PSA," declining to follow "the minority

cases that have held to the contrary," including *Vogan v. Wells Fargo Bank, N.A.*, No. 11-02098,

2011 WL 5826016 (E.D. Cal. Nov. 17, 2011) (decided prior to *Jenkins*, 216 Cal.App.4th 497)).[3]

Defendants acknowledge that one California appellate court has held that a borrower does

have standing to challenge whether there was compliance with a PSA.  *Glaski v. Bank of America,*

*National Association*, 218 Cal.App.4th 1079, 1094-98 (2013).  However, *Glaski* did not distinguish

*Jenkins*, which held ***expressly*** to the contrary.  *See Jenkins*, 216 Cal.App.4th at 514-15.  Moreover,

the only ***California*** authority cited by *Glaski* for that proposition is *Gilbert v. Chase Home Finance,*

*LLC*, No. 13-265, 2013 WL 2318890 (E.D. Cal. May 28, 2013) and one legal treatise.  As to *Gilbert*,

that case holds to the ***contrary*** of what *Glaski* cites it for.  *See Gilbert*, 2013 WL 2318890 at *4

(holding that "plaintiffs like Gilbert who are not parties to a PSA do not have standing to raise

violations of a PSA or to otherwise bring claims on the basis that a PSA was violated").  As to the

legal treatise cited by *Glaski*, that treatise merely states that "[w]here an assignment is merely

voidable at the election of the assignor, third parties, and particularly the obligor, ***cannot*** . . .

successfully challenge the validity or effectiveness of the transfer."  7 Cal. Jur. 3d Assignments § 43

(2012) (emphasis added).  While the *Glaski* court asserts that "[t]his statement implies that a

[2] *See Christie v. Morgan Stanley Mortg. Capital Holdings, LLC*, No. 12-01584, 2012 WL 5363368, *4 (C.D. Cal. Oct. 30, 2012) ("because [the plaintiff] does not allege that she was a party to the assignment, she lacks standing to challenge its validity") (citing *Bleavins*, 196 Cal.App.4th at 1542); *Armstrong v. Chevy Chase Bank, FSB*, No. 11-05664, 2012 WL 4747165, *2 (N.D. Cal. Oct. 3, 2012) ("[p]laintiffs lack standing to allege a breach of the PSA" because "they are neither direct parties to nor third-party beneficiaries") (citing *Murphy*, 17 Cal.3d at 944); accord *Deerinck v. Heritage Plaza Mortg. Inc.*, No. 11-01735, 2012 WL 1085520, *5 (E.D. Cal. Mar. 30, 2012); *Bascos v. Federal Home Loan Mortg. Corp*, No. 11-3968, 2011 WL 3157063, *6 (C.D. Cal. July 22, 2011).

[3] *See also Newman v. Bank of New York Mellon*, No. 12-1629, 2013 WL 1499490, *3 (E.D. Cal. Apr. 10, 2013); *Sami v. Wells Fargo Bank*, No. 12-00108, 2012 WL 967051, *5 (N.D. Cal. Mar. 21, 2012); *Aniel v. GMAC Mortg., LLC*, No. 12-04201, 2012 WL 5389706, *4 (N.D. Cal. Nov. 2, 2012); *Lyshorn v. J.P.Morgan Chase Bank*, No. 12-05490, 2013 WL 792632, *4 (N.D. Cal. Mar. 4, 2013); *Hosseini v. Wells Fargo Bank, N.A.*, No. 13-02066, 2013 WL 4279632 (N.D. Cal. Aug. 9, 2013); *Junger v. Bank of Am.*, No. 11-10419, 2012 WL 603262, *7-8 (C.D. Cal. Feb. 24, 2012); *Dinh v. Citibank, N.A.*, No. 12-1502, 2013 WL 80150, *3 (C.D. Cal. Jan. 7, 2013) (holding that a borrower lacks standing to challenge whether a loan was transferred outside the temporal bounds of a PSA).

8

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   borrower can challenge an assignment of his or her note and deed of trust if the defect asserted

2   would void the assignment," *see Glaski*, 218 Cal.App.4th at *1095, the converse of a proposition is

3   **not** necessarily true. *See Tunkl v. Regents of University of Cal.*, 60 Cal.2d 92, 101 n.12 (1963).

4   Such an "implication" is especially questionable given that it is longstanding California law that a

5   plaintiff is **not** be permitted to challenge or enforce covenants not made for his or her benefit. *See*

6   *Murphy*, 17 Cal.3d at 944; *Bleavin*, 196 Cal.App.4th at 1542; *Gantman*, 232 Cal.App.3d at 1566.

7   Finally, *Glaski* court's holding that an assignment of a loan to a securitized trust formed under New

8   York law subsequent to that trust's closing date would be "void" does not reflect the well-reasoned

9   majority opinion on that issue either.[4]

10      Thus, Defendants respectfully assert that *Jenkins* and the weight of California federal district

11   court authority that hold that a borrower lacks standing to challenge whether there was compliance

12   with a PSA is better reasoned and should be followed by this Court. *See Soberanis v. Mortgage*

13   *Electronic Registration Systems, Inc.*, No. 13-1296, 2013 WL 4046458, *4 (S.D. Cal. Aug. 8, 2013)

14   ("As unrelated third parties to the allegedly failed securitization and any other alleged transfers of

15   the beneficial interest under the subject loan and deed of trust, Plaintiffs lack standing to enforce any

16   agreements related to such transactions.") (citing *Sabherwal v. Bank of N.Y. Mellon*, No. 11-2874,

17   2013 WL 101407, *7 (S.D. Cal. Jan. 7, 2013); *Jenkins*, 216 Cal.App.4th at 514-15; *see also Arizona*

18   *Elec. Power Co-op.*, *Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) ("When interpreting state law,

19   federal courts are bound by decisions of the state's highest court.  In the absence of such a decision,

20   a federal court must predict how the highest state court would decide the issue using intermediate

21   appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as

22   guidance.") (internal citations and quotations omitted).

23      **Third**, even if Plaintiffs had standing to challenge the relevant alleged assignments (and they

24   do not, for the reasons discussed above), to state a wrongful foreclosure claim premised on the

---

[4] *See Koufos v. U.S. Bank, N.A.*, --- F.Supp.2d ---, 2013 WL 1189502, *13 n.2 (D. Mass. Mar. 21, 2013); *Bank of America Nat. Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 8-10 (Ill. App. Ct. 2012); *Calderon v. Bank of America N.A.*, --- F.Supp.2d ---, 2013 WL 1741951, *11-12 (W.D. Tex. 2013); *Sigaran v. U.S. Bank Nat. Ass'n*, No. 12-3588, 2013 WL 2368336, *3 (S.D. Tex. May 29, 2013) (each holding contrary to *Glaski*); *see also Reinagel v. Deutsche Bank Nat. Trust Co.*, 722 F.3d 700, 708 (5th Cir. 2013) (cited by *Glaski*, but holding that "the fact that the assignments violated the PSA—a separate contract—**would not render the assignments void**") (emphasis added).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

assertion that the foreclosing party lacked standing to foreclose, Plaintiffs must allege facts showing "not only that the purported . . . assignment was invalid, but also that [the defendant] did not receive an assignment of the debt in any other manner."  *See Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1506 (2012) (citing *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 271-72 (2011)); *accord Cho*, 2012 WL 3076537 at *5 (holding the same).  Here, Plaintiffs do not allege facts from which it could be concluded that CitiMortgage did not receive an assignment of the debt in *any* manner.[5]  To the contrary, they allege that the note and Deed of Trust *were* assigned to CitiMortgage.  Compl. ¶¶ 50(c), 51(b).  More importantly, there is no suggestion that any other party concurrently attempted to foreclose on the Property.

    *Fourth*, to the extent that Plaintiffs contend that the alleged "securitization" of the loan renders the loan unenforceable (*see* Compl. ¶¶ 50-57), California courts have rejected that assertion.  *See Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (dismissing claims premised on the theory that defendants lacked "authority to foreclose because [the] loan . . . was put into a trust pool and securitized").[6]

    *Fifth*, to state a wrongful foreclosure claim, Plaintiffs must allege that a defect in the foreclosure process resulted in prejudice to them.  *See Herrera*, 205 Cal.App.4th at 1507-08.[7]  Here, Plaintiffs do not contest that they defaulted on the loan.  Additionally, Plaintiffs do not claim that more than one entity concurrently attempted to (1) collect mortgage payments on the loan or (2) foreclose on the Property.  Thus, even if the assignments of the debt were invalid (and no *party* to

---

[5] Importantly, assignments of notes and deeds of trust need not be recorded to foreclose.  *See Cho v. Citibank, N.A.*, No. 12-1410, 2012 WL 3076537, *5 (S.D. Cal. July 30, 2012) ("[N]otes … do not have to be recorded in public records."); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 121-22 (2011) (assignments of deeds of trust need not be "recorded in order for the assignee to exercise the power of sale"); *Herrera*, 205 Cal.App.4th at 1507 (holding that allegations with respect to a recorded assignment did not state a claim because the debt could have been assigned "in an unrecorded document not disclosed to plaintiffs").

[6] *See also Marty v. Wells Fargo Bank*, No. 10-0555, 2011 WL 1103405, *7 (E.D. Cal. Mar. 22, 2011) (stating that a claim based on the legal theory that securitization renders a deed of trust unenforceable is "frivolous, has no support in the law and should be dismissed with prejudice");

*Sami*, 2012 WL 967051 at *5 ("As already recognized by numerous courts, a defendant bank does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust pool ….."); *Sepehry-Fard v. Aurora Bank, FSB*, No. 12-00871, 2012 WL 4392445, *2 (N.D. Cal. Sept. 25, 2012) ("The new causes of action . . . are based on the theory that the securitization of Plaintiff's mortgage loan renders it unenforceable.  That theory has been consistently rejected."); *Lomely v. JP Mortgage Chase Bank, N.A.*, No. 12-01194, 2012 WL 4123403, *3 (N.D. Cal. Sept. 17, 2012) ("[T]he allegation that securitization of the Deed of Trust renders it unenforceable is an incorrect proposition under California law.").

[7] *Accord Fontenot*, 198 Cal.App.4th at 272; *Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal.App.4th 433, 443 (2012); *Siliga*, Cal.Rptr.3d at 508; *see also Dick v. American Home Mortg. Servicing, Inc.*, No. 13-00201, 2013 WL 5299180, *3 (E.D. Cal. Sept. 18, 2013) (dismissing wrongful foreclosure claim premised on allegedly improper assignments on this basis).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  the alleged assignments suggests that they are), the only "victim" would be "the [assignor], which….

2  suffered the unauthorized loss of a [valuable] promissory note," not Plaintiffs. *See Herrera*, 205

3  Cal.App.4th at 1508 (quoting *Fontenot*, 198 Cal.App.4th at 272).

4      **Sixth**, "[a] valid and viable tender is a necessary prerequisite to any attempt to challenge a

5  foreclosure sale, including any claims that are 'implicitly integrated' with the allegations of an

6  irregular sale." *Ortiz v. America's Servicing Co.*, No. 12-191, 2012 WL 2160953, *9-10 (C.D. Cal.

7  June 11, 2012) (quoting *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79

8  (1984)). "Courts must strictly apply the tender rule in wrongful foreclosure cases." *Helmer v. Bank*

9  *of America, N.A.*, No. 12-00733, 2013 WL 4546285, *5 (E.D. Cal. Aug. 27, 2013) (citing *Nguyen v.*

10  *Calhoun*, 105 Cal.App.4th 428, 439 (2003)). Thus, even if a plaintiff "otherwise had a viable claim

11  attacking the sale," "[a] full tender must be made to set aside a foreclosure sale . . . ." *Stebley v.*

12  *Litton Loan Servicing, LLP*, 202 Cal.App.4th 522, 526 (2011). Further, any offer of tender must be

13  accompanied by the ability to perform such obligation. *Karlsen v. American Sav. & Loan Assn.*, 15

14  Cal.App.3rd, 112, 117 (1971) (holding a tender is without legal force or effect if the borrower "is

15  without the money necessary to make the offer good and knows it.")

16      Here, Plaintiffs first wrongly assert that tender is not necessary (Compl., ¶¶ 43-46), then

17  make a belated and unreliable attempt to satisfy the tender requirement by claiming that Plaintiffs

18  "unconditionally offer to tender to the extent required by law any amount due and owing after offset

19  for damages for Defendants' bad acts, to the true beneficiary under the deed of trust or holder of the

20  note in due course, and without waiver of Plaintiffs' rights." (Compl., ¶ 47). However, Plaintiffs

21  simultaneously admit that they did not have the $50,000 in "discretionary spending" with regard to

22  the balloon payment included in their alleged request for a loan modification in October of 2009.

23  (Compl., ¶ 23). As the trustee's deed upon sale dated March 31, 2010 reflects an unpaid balance of

24  $591,154.33 (RJN, Exh. F), Plaintiffs' allegations concerning their ability to tender the full loan

25  proceeds are disingenuous and refuted by Plaintiffs' own admissions of lack of funds elsewhere in

26  the Complaint. This also necessitates dismissal. *See Ortiz*, 2012 WL 2160953 at *10; *see also*

27  *Helmer*, 2013 WL 4546285 at *5 (dismissing wrongful foreclosure claim for failure to tender);

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

1   *Ismail v. Wells Fargo Bank, N.A.*, No. 12-01653, 2013 WL 930611, *6 (E.D. Cal. Mar. 8, 2013)

2   (same).

3           Thus, Plaintiffs' first cause of action does not state a claim and is based on legal theories that

4   could not state a claim with amendment.  It should be dismissed as to Defendants with prejudice.

5           **3.      Plaintiffs' Second Cause Of Action Fails To State A Claim**

6           Plaintiffs' second cause of action, asserted against U.S. Bank only, claims that the mortgage

7   payments paid to U.S. Bank and/or CitiMortgage amount to conversion because neither party had the

8   legal right to collect on the debt.  (Compl., ¶64).  To establish conversion, a plaintiff must show (1)

9   his/her ownership of or right to possess the property at the time of the conversion, (2) that the

10  defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and

11  (3) damages.  *Bank of New York v. Freemont General Corp*, 523, F.3d 902, 914 (9th Cir. 2008),

12  citing *Messerall v. Fulwider*, 199 Cal. App. 3d 1324, 1326 (1988).  A plaintiff in a conversion action

13  must also prove that it did not consent to the defendant's exercise of dominion.  *See Farrington v. A.*

14  *Teichert & Son, Inc*., 59 Cal. App. 2d 468, 473074 (1943) (holding that no conversion action exists

15  where the plaintiff consented to the removal of his personal property); *see also*, e.g., Judicial Council

16  of Cal. Civil Jury Instructions No. 2100 (listing plaintiff's lack of consent as an element of

17  conversion).

18          Here, Plaintiffs' claim fails because Plaintiffs do not – and cannot – plead that CitiMortgage

19  or U.S. Bank did anything more than exercise a contractual right that Plaintiffs expressly consented

20  to.  As explained above, Plaintiffs' claims concerning the alleged securitization of the loan are

21  unfounded and not supported by California law.  Accordingly, Plaintiffs have failed to show that

22  CitiMortgage or U.S. Bank committed a wrongful act by collecting the monthly payments on the

23  subject loan.  Further, Plaintiffs have failed to establish that they suffered any damages as a result of

24  U.S. Bank's alleged conduct.  Specifically, Plaintiffs' second cause of action simply asserts that they

25  made monthly payments from 2005 to 2009 in accordance with their loan obligations and that before

26  the money was paid, it belonged to Plaintiffs.  (Compl., ¶¶63, 65).  But Plaintiffs admit that they

27  obtained a $525,000 loan in November of 2005.  (Compl., ¶ 16).  The Note associated with the loan

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

required them to repay this loan in monthly installments. (Compl., Exh. 1). As Plaintiffs do not allege that any other party has demanded payment or attempted to collect on the loan, Plaintiffs have failed to show how they suffered any damages by making the monthly payments. Further, Plaintiffs agreed to the terms of the loan and therefore cannot argue that they did not consent to the monthly payments due under the Note. More importantly, Plaintiffs consented to the loan payments each month that they tendered the payments. Accordingly, Plaintiffs have failed to establish a claim for conversion.

Regardless of the foregoing, Plaintiffs conversion claim is barred by the statute of limitations. That statute of limitations for a conversion action is three years, triggered by the act of wrongfully taking the property. Code Civ. Proc. §338(c)(1); *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006); *Strasberg v. Odyssey Group, Inc.*, 51 Cal. App. 4th 906, 915-918 (1996) (holding the three-year conversion statute of limitations applied under the current version of Code of Civil Procedure section 338 and there is no discovery rule for conversion). Here, Plaintiffs allege that U.S. Bank and/or CitiMortgage converted their property by wrongfully accepting payment of their monthly loan obligations from 2005 through 2009. (Compl., ¶ 63). However, Plaintiffs did not file this Complaint until February 11, 2014. Accordingly, Plaintiffs' conversion claim is untimely.

Therefore, Plaintiffs cannot state a conversion claim as a matter of law and their claim should be dismissed with prejudice.

### 4.    Plaintiffs' Third Cause of Action Fails To State A Claim

Plaintiffs purport to assert a claim for violations of Business and Professions Code section 17200 (the "UCL") which is based solely upon their other causes of action. Indeed, Plaintiffs merely incorporate by reference the allegations set forth in their other claims. However, to state a claim under the UCL, a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of*

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

*America*, 115 Cal. App. 4th 322 (2004).  In doing so, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs have not alleged the existence of any "unlawful, unfair or fraudulent business act or practice."  To the extent these claims are brought under the "unlawful" prong of the UCL, they fail because they are derivative of Plaintiffs' other failed legal claims.  They also fail to properly allege the violation of any other law.  *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91  (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

And to whatever extent Plaintiffs attempt to bring claims under the UCL's "unfair" or "fraudulent" prong, their UCL claim is inadequately pled.  An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003).  Because Plaintiffs fail to plead, with particularity, that Defendants engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong. *See Khoury*, 14 Cal.App.4th at 619 (UCL claims must be pled with particularity); *Simila v. American Sterling Bank*, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim because "Plaintiffs have not sufficiently 'tethered' their allegations of unfair competition to any underlying law").

Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege, with particularity, facts sufficient to establish that the public would likely be deceived by Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011).  Thus, Plaintiffs also fail to state a claim under the "fraudulent" prong. *See id*. at *16

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

(dismissing UCL claim explaining that "Plaintiffs have not met this standard because they have not identified specific deceptive statements or omissions … or alleged facts showing why those specific statements or omissions would be likely to deceive the public.");  *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1078-79 (E.D. Cal., 2012) (dismissing UCL claim because "[t]he complaint … lacks … facts to describe how consumers were deceived"); *Khoury*, 14 Cal.App.4th at 619 (UCL claim lacked requisite particularity where plaintiff did not explain the manner by which the defendant allegedly mislead the plaintiff's customers).

Notably, Plaintiffs lack standing to bring a UCL claim against Defendants in the first place. "To bring a claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204). "That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007). In this case, Plaintiffs do not allege that they paid Defendants any money other than that due and owing on their loan.  And the foreclosure sale of the Property was due to Plaintiffs' default, not any unlawful conduct by Defendants.  *See DeLeon*, 2011 WL 311376 at *7.

Finally, Courts have made clear that the UCL cannot be used as an end-run around the requirements of other statutes.  *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (2001) (dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law); s*ee also Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action.").  "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (2000).

Plaintiffs predicate their UCL claim on the same allegations and theories which provide the basis for each of their other causes of action.  Indeed, the UCL claim is a mere recasting of those

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

claims and theories discussed in greater detail above and below.  As all of Plaintiffs' causes of actions fail—as do the faulty theories upon which they are predicated—so, too, does Plaintiffs' UCL claim.

Therefore, Plaintiffs cannot state a UCL claim as a matter of law and their claim should be dismissed with prejudice.

**IV.      CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Court grant their motion to dismiss this action.


Dated:  May 2, 2014                    Respectfully submitted,

                                       LOCKE LORD LLP


                                       By: _/s/ Regina J. McClendon_
                                       Regina J. McClendon
                                       Lindsey E. Kress

                                       Attorneys for Defendants CITIMORTGAGE,
                                       INC.; U.S. BANK NATIONAL
                                       ASSOCIATION, AS INDENTURE TRUSTEE
                                       ON BEHALF OF THE HOLDERS OF THE
                                       CITIGROUP MORTGAGE LOAN TRUST
                                       2006-AR1, MORTGAGE-BACKED NOTES,
                                       SERIES AR1; and MORTGAGE
                                       ELECTRONIC REGISTRATION SYSTEMS,
                                       INC.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Gaylen Herfurth and Douglas Herfurth v. CitiMortgage, Inc., et al.*, Case No. 2:14-cv-01037-JAM-CKD

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104