UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLEN HERFURTH and DOUGLAS HERFURTH,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee on behalf of the holders of the Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CR TITLE SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | No.  2:14-cv-01037 JAM CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants CitiMortgage, Inc. (Defendant CitiMortgage), U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc.'s ("Defendant MERS") (collectively "Defendants") Motion to Dismiss (Doc. #6) Plaintiffs Gaylen Herfurth and Douglas Herfurth's ("Plaintiffs") Complaint (Doc. #1).  Plaintiffs oppose the motion (Doc. #16) and Defendants replied (Doc. #23).  For the following reasons,

1

Defendants' motion is GRANTED.[1]

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On November 9, 2005, Plaintiffs obtained a $525,000 loan ("Subject Loan") from American Home Mortgage Acceptance, Inc. ("AHMA"). Compl. ¶ 16. This loan was secured by a Deed of Trust recorded against real property located at 12449 Larkspur Lane in Grass Valley, California ("Subject Property"). Compl. ¶¶ 11, 16. In July 2008, Plaintiffs contacted Defendant CitiMortgage and sought a loan modification. Compl. ¶ 17. Defendant CitiMortgage allegedly informed Plaintiffs that they would only be considered for a loan modification if they ceased making payments on the loan. Compl. ¶ 17.

On December 1, 2008, Plaintiffs received a letter from Defendant CitiMortgage informing them that they were delinquent on the loan in the amount of $11,640. Compl. ¶ 19. On January 14, 2009, a Notice of Default against Plaintiffs was recorded with the Nevada County Recorder's Office claiming a delinquency in the amount of $17,087.50. Compl. ¶ 20. On that same date, an Assignment of Deed of Trust was recorded with the Nevada County Recorder's Office, transferring the beneficial interest under the Deed of Trust from Defendant MERS to Defendant CitiMortgage. Compl. ¶ 21. Plaintiffs allege that this transfer was improper because an employee from Defendant CitiMortgage purported to make the assignment on behalf of Defendant MERS. Compl. ¶ 21.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 18, 2014.

1    Plaintiffs' efforts to work with Defendant CitiMortgage on a loan
2    modification were unsuccessful and the Subject Property was sold
3    at a non-judicial foreclosure sale in February 2010.  Compl. ¶
4    26.
5         Plaintiffs further allege that, at some point between
6    November 16, 2005 and January 14, 2009, the original lender
7    (AHMA) "took steps to sell the Subject Loan (including the Note
8    and/or Deed of Trust) to an entity that purportedly intended to
9    pool the Subject Loan with other residential mortgage loans,
10   securitize the pool, and sell the securities on the open market."
11   Compl. ¶¶ 27-28.  Plaintiffs allege that AHMA's securitization of
12   the Deed of Trust was improper, as it failed to conform to the
13   statutorily and contractually required procedure.  Compl. ¶¶ 29-
14   35.
15        On February 11, 2014, Plaintiffs filed the Complaint in
16   Nevada County Superior Court.  On April 25, 2014, Defendants
17   removed the case to this Court (Doc. #1).  The Complaint includes
18   the following causes of action: (1) Wrongful Foreclosure;
19   (2) Conversion; and (3) Violation of Business and Professions
20   Code § 17200.
21
22                            II.   OPINION
23        A.   Judicial Notice
24        Defendants request that the Court take judicial notice of
25   six documents: (1) a Deed of Trust recorded on November 16, 2005
26   in the Nevada County Recorder's Office; (2) a Substitution of
27   Trustee recorded on September 14, 2009 in the Nevada County
28   Recorder's Office; (3) a Voluntary Petition for Chapter 7

1  Bankruptcy, filed in the U.S. Bankruptcy Court for the Eastern
2  District of California on May 1, 2009; (4) a Discharge Order
3  dated August 19, 2009, entered in the U.S. Bankruptcy Court for
4  the Eastern District of California; (5) the docket sheet for
5  Plaintiffs' bankruptcy case; and (6) a Trustee's Deed Upon Sale
6  recorded on March 31, 2010 in the Nevada County Recorder's
7  Office.  Defs.' Request for Judicial Notice ("DRJN") (Doc. #7).
8      Generally, the Court may not consider material beyond the
9  pleadings in ruling on a motion to dismiss.  However, the Court
10 may take judicial notice of matters of public record, provided
11 that they are not subject to reasonable dispute.  See, e.g.,
12 Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. 2009)
13 (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.
14 2001) and Fed. R. Evid. 201).
15     All six documents listed above are public records.  Three of
16 the documents were recorded in the Nevada County Recorder's
17 Office, and the remaining three documents are public court
18 filings.  Furthermore, Plaintiffs have not opposed Defendants'
19 request, and the documents are not subject to reasonable dispute.
20 Therefore, they are the proper subject of judicial notice.  See
21 Fed. R. Evid. 201.  Defendants' request is granted.
22     B.   Discussion
23     Defendants argue that Plaintiffs are procedurally barred
24 from bringing each of their three causes of action for several
25 reasons.  Mot. at 3.  First, Defendants argue that Plaintiffs are
26 judicially estopped from asserting claims that were omitted from
27 Plaintiffs' 2009 bankruptcy schedule.  Mot. at 3.  Defendants
28 also argue that Plaintiffs lack standing to bring these claims

1  because "they failed to schedule these claims in their Chapter 7
2  bankruptcy proceeding and because the bankruptcy trustee did not
3  abandon them."  Mot. at 5.  As a final procedural argument,
4  Defendants argue that Plaintiffs' claims are time-barred because
5  the statute of limitations for each claim has elapsed.  Mot. at
6  6.
7       Plaintiffs respond that none of these procedural arguments
8  are dispositive because Plaintiffs "had absolutely no knowledge
9  of the claims constituting their three causes of action until
10 December 2013."  Opp. at 4.  Accordingly, Plaintiffs argue,
11 judicial estoppel should not apply, they have standing to pursue
12 the claims, and the statute of limitations should be tolled.
13 Opp. at 4-5, 7.  Plaintiffs also argue that the standing issue
14 does not apply to their first and third causes of action because
15 those claims "had not accrued until the wrongful sale of their
16 home," which occurred after the bankruptcy was discharged.  Opp.
17 at 5.
18           1.   Judicial Estoppel
19      Judicial estoppel is an equitable doctrine which "precludes
20 a party from gaining an advantage by asserting one position, and
21 then later seeking an advantage by taking a clearly inconsistent
22 position."  Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778,
23 782 (9th Cir. 2001).  The Ninth Circuit has held that, "[i]n the
24 bankruptcy context, a party is judicially estopped from asserting
25 a cause of action not raised in a reorganization plan or
26 otherwise mentioned in the debtor's schedules or disclosure
27 statements."  Hamilton, 270 F.3d at 783.  A court will impose
28 judicial estoppel "when the debtor has knowledge of enough facts

5

1  to know that a potential cause of action exists during the
2  pendency of the bankruptcy[.]"  Hamilton, 270 F.3d at 784.
3      Plaintiffs' three causes of action were not disclosed in
4  their bankruptcy petition.  DRJN, Ex. C.  Therefore, Plaintiffs
5  are judicially estopped from bringing these claims, unless they
6  lacked "knowledge of enough facts to know that a potential cause
7  of action exist[ed] during the pendency of the bankruptcy[.]"
8  Hamilton, 270 F.3d at 784.  As noted above, Plaintiffs argue that
9  they "had absolutely no knowledge" of these claims prior to
10 December 2013.  Opp. at 4.  However, this allegation barely
11 appears in Plaintiffs' complaint: in the middle of a lengthy
12 paragraph discussing the alleged fraud, Plaintiffs allege that
13 they did not "have any reason to believe (until December 2013)
14 that Defendants were not the true owners of the Subject Loan."
15 Compl. ¶ 71.  This conclusory statement fails to describe the
16 circumstances under which Plaintiffs learned of the alleged
17 fraud, fails to explain why this information was unavailable
18 until December 2013, and fails to address the issue of
19 constructive notice.  Nor do Plaintiffs provide any additional
20 details in their opposition, merely repeating the allegation that
21 "they did not come to learn of the Trust's purported ownership of
22 the Subject Loan until December 2013."  Opp. at 5.  Although, on
23 a motion to dismiss, the Court must accept Plaintiffs'
24 allegations as true, conclusory allegations are "not entitled to
25 be assumed true."  Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).
26 Plaintiffs' oblique, parenthetical reference to an issue as
27 central as the timing of their discovery of the alleged fraud is
28 insufficient.  See Christensen v. Am. Home Mortgage Acceptance,

1  Inc., 2010 WL 3069274 at *3 (E.D. Cal. Aug. 3, 2010) (holding
2  that an allegation that various misrepresentations "were all
3  discovered within the past year" was conclusory, and thus
4  insufficient to extend the statute of limitations under the
5  equitable tolling doctrine).  The Court does not find, on the
6  basis of this conclusory allegation alone, that Plaintiffs lacked
7  "knowledge of enough facts to know that a potential cause of
8  action exist[ed] during the pendency of the bankruptcy[.]"
9  Hamilton, 270 F.3d at 784.  In the absence of non-conclusory
10 allegations as to the circumstances surrounding Plaintiffs'
11 recent discovery of the alleged fraud, Plaintiffs are judicially
12 estopped from bringing the first, second, and third causes of
13 action, each of which were omitted from their bankruptcy
14 disclosures and schedules.

        2.   Standing

16     Defendants' argument that Plaintiffs lack standing to bring
17 these claims calls for a similar analysis.  Mot. at 5.  When an
18 individual declares bankruptcy, "any legal or equitable interests
19 he or she had in a particular property belongs to the bankruptcy
20 estate, as represented by the bankruptcy trustee."  Vertkin v.
21 Wells Fargo Home Mortgage, 2010 WL 3619798 at *2 (N.D. Cal. Sept.
22 9, 2010).  This includes any legal claims which arise before or
23 during the pendency of the bankruptcy proceedings.  Vertkin, 2010
24 WL 3619798 at *2; see also, In re Kottmeier, 240 B.R. 440, 442
25 (M.D. Fla. 1999) (noting that the bankruptcy estate includes
26 "causes of action that have arisen in the interim period between
27 the initial petition and discharge").  An individual who has
28 declared bankruptcy does not have standing to pursue any legal

7

claims which are part of the bankruptcy estate.  <u>Turner v. Cook</u>, 362 F.3d 1219, 1225 (9th Cir. 2004).  (An exception to this rule exists where the trustee of the bankruptcy estate has abandoned the claim, but Plaintiffs do not argue abandonment here.)

    Accordingly Plaintiffs lack standing for any legal claims that arose prior to August 19, 2009, when their bankruptcy was discharged.  DRJN, Ex. D.  Plaintiffs argue that their claims did not arise until after their bankruptcy was discharged, because their "claims had not accrued until the wrongful sale of their home" in February 2010.  Opp. at 5.  However, Plaintiffs' premise – that claims based on wrongful foreclosure do not arise until the foreclosure sale itself – is mistaken.  <u>See</u> <u>Engstrom v. Kallins</u>, 49 Cal.App.4th 773, 783 (1996) (holding that harm to a co-signer on a loan "occurs when the creditor acts to enforce its security interest . . . by *instituting* foreclosure proceedings) (emphasis added); <u>Webb v. Bayview Loan Servicing, LLC</u>, 2013 WL 2039275 at *2 (D. Or. May 9, 2013) (rejecting the plaintiffs' argument that wrongful foreclosure "claims accrue only after the foreclosure sale of the property," and suggesting that wrongful foreclosure claims accrue upon the filing of a Notice of Default).  Therefore, the fact that the Subject Property was not physically sold until February 2010 does not help Plaintiffs.  Under normal circumstances, Plaintiffs' wrongful foreclosure-based causes of action would have accrued when foreclosure proceedings were instituted, prior to the discharge of Plaintiffs' bankruptcy.

    However, "[a]n important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a

8

cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005). Under the discovery rule, Plaintiffs' causes of action would not have accrued until Plaintiffs discovered, or had reason to discover, those claims. Accordingly, if Plaintiff did not learn of (or have reason to learn of) Defendants' alleged fraud until after the discharge of their bankruptcy, they would have standing to pursue those claims in this Court. However, as noted above, Plaintiffs' conclusory allegation that they did not learn of the alleged fraud until December 2013 is insufficient. Christensen, 2010 WL 3069274 at *3. In the absence of more detailed allegations concerning their discovery of the alleged fraud, Plaintiffs lack standing to pursue any of their causes of action.

### 3. Statute of Limitations

For similar reasons, each of Plaintiffs' causes of action is time-barred by the applicable statute of limitations. Plaintiffs' causes of action are based on the alleged securitization of Plaintiffs' loan, which occurred no later than January 14, 2009, and fraudulent statements made on the Assignment of Deed of Trust, which was recorded on January 14, 2009. Compl. ¶¶ 21, 28. A Notice of Default against Plaintiffs was recorded on that same date, January 14, 2009. Compl. ¶ 20. Accordingly, on the Complaint before the Court, Plaintiffs' causes of action accrued on January 14, 2009. Plaintiffs did not file the complaint until February 10, 2014, over five years later. Notice of Removal (Doc. #1). Therefore, each of Plaintiffs' claims is barred by the applicable statute of

limitations. See Cal. Bus. & Prof. Code § 17208 (four-year limitations period for actions brought under § 17200); Cal. Civ. Proc. Code § 338 (three-year limitations period for actions based on fraud); Cal. Civ. Proc. Code § 343 (four-year limitations period for any actions not expressly given a specific limitations period in the Code).

Plaintiffs' argument that the statute of limitations for each claim should be equitably tolled fails for the same reason that their other arguments fail: the conclusory allegation that they did not learn of the alleged fraud until December 2013 is insufficient. See Christensen, 2010 WL 3069274 at *3 (holding that the allegation that various misrepresentations "were all discovered within the past year" was conclusory, and thus insufficient to extend the statute of limitations under the equitable tolling doctrine). In the absence of a non-conclusory allegation to support their invocation of the "discovery rule" and equitable tolling, Plaintiffs' claims are time-barred by the statute of limitations.

The Court rejects Defendants' contention that Plaintiffs' tolling argument fails because it is based on "fraudulent concealment, a claim that Plaintiffs did not plead in their Complaint." Reply at 4 (emphasis omitted). Defendants cite no support for their position that the basis for equitable tolling must be pled as a distinct cause of action. On the contrary, the California Supreme Court has stated that "fraudulent concealment by the defendant of the facts *upon which the action depends* tolls the statute." Kimball v. Pac. Gas & Elec. Co., 220 Cal. 203, 205-20, 30 P.2d 39 (1934) (emphasis added). Accordingly,

Plaintiffs' failure to plead a separate cause of action for "fraudulent concealment" does not preclude the equitable tolling of the statute of limitations. For this reason, amendment of the complaint would not be futile, and Plaintiffs are granted leave to amend their pleading with non-conclusory allegations regarding their discovery of the actionable information.

As the Court finds that Plaintiffs are barred from bringing their claims for the foregoing procedural reasons (including the jurisdictional issue of standing), the Court need not (and cannot) address Defendants' substantive arguments. Plaintiffs' first, second, and third causes of action are DISMISSED WITH LEAVE TO AMEND.

### III. ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss. Plaintiffs' Amended Complaint must be filed within twenty (20) days from the date of this Order. Defendants' responsive pleading is due within twenty (20) days thereafter. If Plaintiffs elect not to file an Amended Complaint, they should file a notice of dismissal within the next twenty (20) days:

IT IS SO ORDERED.

Dated: July 28, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE