UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLEN HERFURTH and DOUGLAS HERFURTH,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE ON BEHALF OF THE HOLDERS OF THE CITIGROUP MORTGAGE LOAN TRUST 2006-AR1, MORTGAGE-BACKED NOTES, SERIES 2006-AR1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CR TITLE SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-01037 JAM CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants CitiMortgage, Inc., et al.'s ("Defendants") Motion to Dismiss (Doc. #27) Plaintiffs Gaylen Herfurth and Douglas Herfurth's ("Plaintiffs") First Amended Complaint ("FAC") (Doc. #26). Plaintiffs oppose the motion (Doc. #30) and Defendants filed a reply (Doc. #31).

1

For the following reasons, Defendants' motion is GRANTED.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On November 9, 2005, Plaintiffs obtained a $525,000 loan ("Subject Loan") from American Home Mortgage Acceptance, Inc. ("AHMA"). FAC ¶ 16. This loan was secured by a Deed of Trust recorded against real property located at 12449 Larkspur Lane in Grass Valley, California ("Subject Property"). FAC ¶¶ 11, 16. In July 2008, Plaintiffs contacted Defendant CitiMortgage and sought a loan modification. FAC ¶ 17. Defendant CitiMortgage allegedly informed Plaintiffs that they would only be considered for a loan modification if they ceased making payments on the loan. FAC ¶ 17.

On December 1, 2008, Plaintiffs received a letter from Defendant CitiMortgage informing them that they were delinquent on the loan in the amount of $11,640. FAC ¶ 19. On January 14, 2009, a Notice of Default against Plaintiffs was recorded with the Nevada County Recorder's Office claiming a delinquency in the amount of $17,087.50. FAC ¶ 20. On that same date, an Assignment of Deed of Trust was recorded with the Nevada County Recorder's Office, transferring the beneficial interest under the Deed of Trust from Defendant MERS to Defendant CitiMortgage. FAC ¶ 21. Plaintiffs allege that this transfer was improper because an employee from Defendant CitiMortgage purported to make the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 1, 2014.

2

assignment on behalf of Defendant MERS. FAC ¶ 21. Plaintiffs' efforts to work with Defendant CitiMortgage on a loan modification were unsuccessful and the Subject Property was sold at a non-judicial foreclosure sale in February 2010. FAC ¶ 26.

Plaintiffs further allege that, at some point between November 16, 2005 and January 14, 2009, the original lender – AHMA – "took steps to sell the Subject Loan (including the Note and/or Deed of Trust) to an entity that purportedly intended to pool the Subject Loan with other residential mortgage loans, securitize the pool, and sell the securities on the open market." FAC ¶¶ 27-28. Plaintiffs allege that AHMA's securitization of the Deed of Trust was improper, as it failed to conform to the statutorily and contractually required procedure. FAC ¶¶ 29-35.

Plaintiffs allege that "the first time [they] had any indication that an attempt to securitize their loan had been made" was in December 2013. FAC ¶ 51. After Plaintiffs' counsel determined that any potential fraud, negligence, or promissory estoppel claims were time-barred, Plaintiffs' counsel "requisitioned the services of a securitization auditor to perform an investigation into the history of the Subject Loan." FAC ¶¶ 49-50. The auditor determined that the "loan was purportedly securitized" into a beneficiary trust. FAC ¶ 50. Plaintiffs allege that they did not learn of this securitization until December 2013 because, throughout the course of its relationship with Plaintiffs, Defendant CitiMortgage had "held itself out to Plaintiffs as the sole owner and beneficiary of the Subject Loan." FAC ¶ 48.

On February 11, 2014, Plaintiffs filed a complaint in Nevada

3

1 | County Superior Court, which was removed by Defendants to this
2 | Court. On July 29, 2014, the Court dismissed Plaintiffs'
3 | original complaint, finding that Plaintiffs' conclusory
4 | allegations with regard to its delayed discovery of the alleged
5 | securitization of the loan were insufficient to overcome
6 | Defendants' statute of limitations, judicial estoppel, and
7 | standing arguments. However, the Court granted Plaintiffs leave
8 | to amend their complaint, in order to supplement these
9 | allegations. Three days later, Plaintiffs filed the FAC, which
10 | includes additional allegations concerning the delayed discovery
11 | and the following causes of action: (1) Wrongful Foreclosure; (2)
12 | Conversion; and (3) Violation of Business and Professions Code §
13 | 17200.

## II.   OPINION

### A.   Judicial Notice

Defendants request that the Court take judicial notice of seven documents: (1) a Deed of Trust recorded on November 16, 2005 in the Nevada County Recorder's Office; (2) a Substitution of Trustee recorded on September 14, 2009 in the Nevada County Recorder's Office; (3) a Voluntary Petition for Chapter 7 Bankruptcy, filed in the U.S. Bankruptcy Court for the Eastern District of California on May 1, 2009; (4) a Discharge Order dated August 19, 2009, entered in the U.S. Bankruptcy Court for the Eastern District of California; (5) the docket sheet for Plaintiffs' bankruptcy case; (6) a Trustee's Deed Upon Sale recorded on March 31, 2010 in the Nevada County Recorder's Office; and (7) the servicing agreement to the Citigroup Mortgage

1    Loan Trust 2006-AR1 Mortgage-Backed Notes, Series 2006-AR1.
2    Defs.' Request for Judicial Notice ("DRJN") (Doc. #28).
3       Generally, the Court may not consider material beyond the
4    pleadings in ruling on a motion to dismiss. However, the Court
5    may take judicial notice of matters of public record, provided
6    that they are not subject to reasonable dispute. See, e.g.,
7    Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. 2009)
8    (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.
9    2001) and Fed. R. Evid. 201).
10      The first six documents listed above are public records.
11   Three of the documents were recorded in the Nevada County
12   Recorder's Office, and three of the documents are public court
13   filings. Furthermore, Plaintiffs have not opposed Defendants'
14   request, and the documents are not subject to reasonable dispute.
15   Therefore, they are the proper subject of judicial notice. See
16   Fed. R. Evid. 201. With regard to the first six documents,
17   Defendants' request is granted. The Court need not reach
18   Defendant's request with regard to the seventh document listed,
19   as it is not relevant to the Court's decision.
20      B.   Discussion
21           1.   Statute of Limitations
22      Defendants argue that that each of Plaintiffs' causes of
23   action is barred by the applicable statute of limitations. MTD
24   at 5. Specifically, Defendants argue that the amendments made by
25   Plaintiffs to the complaint are insufficient to trigger the
26   doctrine of equitable tolling. MTD at 6. Plaintiffs respond
27   that their causes of action did not accrue until December 2013,
28   when the securitization audit was conducted and they learned of

5

the alleged improper securitization. Opp. at 9.

Plaintiffs' causes of action are based on the alleged securitization of Plaintiffs' loan - which occurred no later than January 14, 2009 - and fraudulent statements made on the Assignment of Deed of Trust, recorded on January 14, 2009. FAC ¶¶ 21, 28. A Notice of Default against Plaintiffs was recorded on that same date: January 14, 2009. FAC ¶ 20. Absent unusual circumstances, Plaintiffs' causes of action accrued on January 14, 2009. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1054 (9th Cir. 2008) (noting that a cause of action ordinarily accrues "on the date of the plaintiff's injury"). Because Plaintiffs did not file the complaint until February 10, 2014, each of their claims will be barred by the applicable statute of limitations, unless they can show that equitable tolling should apply. See Cal. Bus. & Prof. Code § 17208 (four-year limitations period for actions brought under § 17200); Cal. Civ. Proc. Code § 338 (three-year limitations period for actions based on fraud); Cal. Civ. Proc. Code § 343 (four-year limitations period for any actions not expressly given a specific limitations period in the Code).

The Ninth Circuit has held that accrual of a cause of action may be "postponed until the plaintiff either discovers or has reason to discover the existence of a claim." Platt, 522 F.3d at 1054. This exception to the ordinary rule of "accrual upon injury" is known as the "discovery rule." Id. However, the mere late discovery of a potential claim by a plaintiff is insufficient to trigger application of the "discovery rule." Rather, a plaintiff is "required to conduct a reasonable

investigation after becoming aware of an injury, and [is] charged with knowledge of the information that would have been revealed by such an investigation." Id. As long as a plaintiff has a "reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." Id.

Here, Plaintiffs did not learn of the alleged injury until they conducted a securitization audit of the subject loan in December 2013. FAC ¶ 51. Still, nothing prevented Plaintiffs from "requisition[ing] the services of a securitization auditor" at an earlier date. FAC ¶ 50. Plaintiffs acknowledge that they "may have been in possession of sufficient facts to allege . . . fraud, negligence, [and] breach of contract . . . relating to modification efforts," but argue that "those facts have nothing to do with the facts relating to securitization." Opp. at 5. However, the Ninth Circuit has noted that, "[r]ather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that *a type of wrongdoing* has injured them." Platt, 522 F.3d at 1055 (emphasis added). Accordingly, the Ninth Circuit has rejected a "hypertechnical approach to the application of the discovery rule:" a plaintiff is "required to conduct a reasonable investigation after becoming aware of *an injury*," even if it is not ultimately that specific injury which gives rise to her cause of action. Id. (emphasis added). After Plaintiffs became aware of "an injury" – i.e. the claims relating to the failed modification – Plaintiffs were "required to conduct a reasonable investigation . . . and are charged with knowledge of the

7

information that would have been revealed by such an investigation." Id.

The performance of a securitization audit falls within the scope of such a "reasonable investigation." By Plaintiffs' own allegations, "an investigation into the history of the Subject Loan" yielded the information that is the basis of Plaintiffs' current claims. FAC ¶ 50. Plaintiffs also do not allege the performance of the securitization audit was prompted by the late discovery of additional information. Rather, after Plaintiffs first met with counsel on an unspecified date, Plaintiffs' counsel "requisitioned the services of a securitization auditor[.]" FAC ¶ 50. Plaintiffs acknowledge that, at the time that this investigation was performed, they "had no further information to indicate that an attempt to securitize the Subject Loan had ever occurred." FAC ¶ 50. Given these allegations, the "investigation into the history of the Subject Loan" – including the securitization audit – was part of the initial inquiry performed by Plaintiffs' counsel. As Defendant argues, nothing prevented Plaintiffs from seeking the assistance of counsel at an earlier date. MTD at 7; see Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (declining to toll the statute of limitations when the plaintiffs failed to allege that the late discovery was caused by "circumstances beyond their control"). Had Plaintiffs done so, the "reasonable investigation" would have commenced prior to the expiration of the applicable limitations periods, and Plaintiffs would have had sufficient information to state the securitization-based causes of action. Plaintiffs therefore cannot avail themselves of the

"discovery rule" and each cause of action is barred by the applicable statute of limitations. See Cal. Bus. & Prof. Code § 17208 (four-year limitations period for actions brought under § 17200); Cal. Civ. Proc. Code § 338 (three-year limitations period for actions based on fraud); Cal. Civ. Proc. Code § 343 (four-year limitations period for any actions not expressly given a specific limitations period in the Code).

### 2. Leave to Amend

In the July 29, 2014 Order, the Court noted that the conclusory allegations in the original complaint "fail[ed] to explain why [the information giving rise to Plaintiffs' securitization-based claims] was unavailable until December 2013[.]" Order at 6. Although the Court granted Plaintiffs leave to amend their complaint in order to remedy its deficiencies, Plaintiffs were unable to do so. As discussed above, the additional allegations in the FAC do not explain why the information revealed by the securitization audit was unavailable until December 2013. Indeed, the allegations in the FAC suggest that the securitization audit could have been performed within the limitations period, had Plaintiffs met with counsel sooner. Accordingly, the Court concludes that amendment of the FAC would be futile, and declines to grant Plaintiffs leave to file a third complaint. Deutsch v. Turner Corp., 324 F.3d 692, 718 (9th Cir. 2003).

As the Court finds that Plaintiffs are procedurally barred from bringing each of their claims by the applicable statute of limitations, the Court need not reach Defendants' remaining arguments. Plaintiffs' first, second, and third causes of action

1 | are DISMISSED WITHOUT LEAVE TO AMEND.

### III. ORDER

For the reasons set forth above, the Court GRANTS WITHOUT LEAVE TO AMEND Defendant's Motion to Dismiss:

IT IS SO ORDERED.

Dated: November 6, 2014

*/s/ John A. Mendez*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE